NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No.: 04-403 (JLL) |
| Plaintiffs, | |
| v. | |
| ERNESTO BERMUDES, a/k/a "Chico" | **ORDER** |
| Defendant. | |

Presently before this Court is Defendant's motion for retroactive application of sentencing guidelines to crack cocaine offense and Defendant's supplemental motion for retroactive application of sentencing guidelines to crack cocaine offense pursuant to 18 U.S.C. § 3582. This Court has considered the submissions of the parties and finds that:

1. On April 13, 2006, this Court sentenced Defendant for conspiracy to distribute and possess more than fifty (50) grams of "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. A violation of § 841(b)(1)(A) requires a statutory minimum sentence of 120 months. However, as a result of a U.S.S.G. § 5K1.1 motion filed by the government pursuant to 18 U.S.C. § 3553(e), which permits a downward departure from the statutory minimum for substantial assistance by a defendant, Defendant received a sentence of seventy (70) months. As the briefs in this case acknowledge, the sentence was computed by this Court with reference to Defendant's sentencing guideline range as calculated before application of the statutory minimum.

2. In the Third Circuit, where a statutory minimum is applicable, this minimum "subsumes and displaces the otherwise applicable guideline range and thus becomes the starting point for any departure or enhancement that the sentencing court may apply in calculating the appropriate sentence under the guidelines." United States v. Cordero, 313 F.3d 161, 166 (3d Cir. 2002).

3. Where, as here, a statutory minimum applies, the appropriate starting point for any

departure was the 120 month minimum; the change in the guidelines regarding crack cocaine offenses does not affect this starting point or Defendant's sentence. Thus, because the sentence is not "based on" the sentencing guideline range, Section 3852(c)(2) is not applicable. Numerous courts that have considered this issue have reached the same decision. See, e.g., United States v. Williams, No. 08-1065-cr, 2009 U.S. App. LEXIS 46 (2d Cir. Jan. 7, 2009); United States v. Poole, No. 08-2328, 2008 U.S. App. LEXIS 26088 (7th Cir. Dec. 19, 2008); United States v. Johnson, 517 F.3d 1020 (8th Cir. 2008); United States v. Holly, No. 00cr127-01, 2008 U.S. Dist. LEXIS 56489 (W.D.N.C. July 10, 2008); United States v. Minter, 558 F. Supp. 2d 657 (W.D. Va. 2008); United States v. Holmes, No. 02-823, 2008 U.S. Dist. LEXIS 94974 (D.S.C. June 9, 2008); United States v. Joiner, 2008 U.S. Dist. LEXIS 34849 (W.D. La. Apr. 29, 2008); United States v. Rojas, 2008 U.S. Dist. LEXIS 31184 (D. Me. Apr. 15, 2008); United States v. Rivera-Crespo, 543 F. Supp. 2d 436 (E.D. Pa. 2008); United States v. Ortiz, 551 F. Supp. 2d 202 (S.D.N.Y. 2008); United States v. Veale, No. 03-cr-167, 2008 U.S. Dist. LEXIS 16109 (N.D.N.Y. Mar. 3, 2008).

4. Therefore, this Court finds that, under the circumstances of this case, Defendant's original sentence, without a retroactive application of the sentencing guidelines for crack cocaine, is appropriate.

Accordingly **IT IS** on this 15th day of January, 2009,

**ORDERED** that Defendant's motion for retroactive application of sentencing guidelines to crack cocaine offense [CM/ECF Docket Entry No. 41] is hereby **DENIED**; and it is further

**ORDERED** that Defendant's supplemental motion for retroactive application of sentencing guidelines to crack cocaine offense [CM/ECF Docket Entry No. 42] is hereby **DENIED**.

**IT IS SO ORDERED.**

Jose L. Linares
United States District Judge